# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

TRAVIS ARDER,
Petitioner,

Case No.: 1:99cR00004-001

- v -

UNITED STATES OF AMERICA,
Respondent.

## MOTION TO MODIFY SENTENCE PURSUANT TO 18 USC § 3582(c)(2) WITH INCORPORATED MEMORANDUM OF LAW.

## PRELIMINARY STATEMENT

Now comes, Mr. Travis Arder (hereinafter "Petitioner") moving this Honorable Court, acting Pro se by authorities in law, Mathis v. New York, Inc. Co., 133 F.3d 546 (7th Cir. 1998) regarding Vega v. Johnson, 144 F.3d 354, which arguments are thus supported by herein. Petitioner, Proceeds seeking and striving for relief of a sentence to be reduced pursuant to United States Sentencing Commission's ("U.S.S.C."), Amendment Numbers 599 and 706, which reduces penalties for "crack" cocaine base and weapons enhancement punishments. He prays, that through this court and it's power, in light of Motion's pro se nature, provide a less stringent standard of review and a liberal construction when examining Petitioner's citation of case law, rules, regulations, procedures and his efforts at legal syntax, Razzoli v. FBOP, 230 F.3d 371 (DC 2000); Haines v. Kerner, 404 U.S. 519 (1972). Petition is Handwritten due to, lack of legal supplies at present institution (USP Canaan).

# JURISDICTION

Jurisdiction is conferred upon this court under 18 USC § 3582(c)(2), which authorizes this court to modify Petitioner's sentence by reducing it, based on **Amendments Numbers 599 and 706** of the U.S.S.C.'s Amendments of the United States Sentencing Guidelines ("U.S.S.G."). Section 3582 provides in pertinent part that:

> "In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 USC § 944(o) upon motion of the defendant, or the director of the Bureau of Prisons, or on it's own motion, the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable Policy Statements issued by the Sentencing commission." 18 USC § 3582(c)(2).

Furthermore, a reduction is consistent with the Policy Statements of the U.S.S.C.. If the Amendment that created the reduction is included in the list of Amendments to be applied retroactively, enumerated in the Commission's ("U.S.S.C.") Policy Statement of U.S.S.G. § 1B1.10;

Which provides:

> "Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an Amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 USC § 3582(c)(2). If none of the Amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 USC § 3582(c)(2) is not consistent with this Policy Statement and is not authorized."
> USSG § 1B1.10(a). See, United States v. Kinder, 64 F.3d 757, 758 (2d Cir. 1995).

Subsection (c) of § 1B1.10 explicitly includes Amendments 599 and 706, which the latter, was voted unanimously to apply retroactively for "crack" cocaine base offenses by the U.S.S.C. Accordingly, this court has jurisdiction to hear the instant motion under 18 U.S.C. § 3582(c)(2).

## BACKROUND

On December 31, 1998, in the District of Rhode Island, defendant Mr. Travis Arder ("Petitioner") was

arrested incidently, and charged with a three count indictment. Immediately thereafter, Petitioner made known his intentions to plead guilty as to prevent unnecessary court costs; and use of court time and resources. In or about April of **1999**, Petitioner in good faith, Pled guilty to all three counts, accepting responsibility in a timely fashion, Pursuant to a <u>RULE 11</u> plea-agreement contract.

The plea agreement simply stipulated: <u>Count one- 21 USC § 841(A)(1) and (B)(1)(b)</u> pursuant to § <u>2D1.1(a)(3)(6)</u> For 21.84 grams of cocaine base commonly known as "crack", inconnection and grouped with <u>Count Three</u> <u>18 USC § 922(G)(1)</u> to be ran concurrent (then enhanced with an additional 3 ("B.O.L.") increase for the same 922(G)(1) conduct); With <u>COUNT TWO</u> - <u>18 USC § 924(c)(1)</u> (to be ran consecutively); a United State Sentencing Guideline ("U.S.S.G.") enhancement, pursuant to <u>§ 3A1.2</u>; And a deduction of 3 Base offense levels ("B.O.L."), Pursuant to <u>§§ 3E1.1(a) and (b)</u>. Bringing the Plea calculation From a B.O.L. of 28, to 34, and after the deduction, down to 31, at a criminal History Category of ("C.H.C.") of <u>IV</u>. Initially the Total offense Range was 151-188.

Prior to sentencing, the plea-agreement calculation was amended [illegible], without petitioner's agreement or knowledge, ambushing him at his sentencing. The amendments were the additional 3 B.O.L. increase for the same <u>18 USC § 922(G)(1)</u> conduct he had received a 120 months prison term for already; And an additional, again, double counting-duplicative enhancement pursuant to <u>U.S.S.G. § 4B1.1</u>, for the <u>§§ **922(G)(1)** and **924(c)(1)**</u> plea adjudications. Recalculating, both, the B.O.L and C.H.C. to level 31, category <u>VI</u>, ~~a new range of~~

Petitioner's first range of 151-188, was in result of these two duplicative-enhancement-punishments, ballooned to a new range of 188-235; with the additional consecutive 60 months term of imprisonment still intact.

On September 13, 1999, Petitioner was however, sentenced to 248 months; And the additional 60 months of imprisonment. Also, 8 years of supervised release.

PETITIONER CONTENDS THAT THE COURT SHOULD RECALCULATE HIS SENTENCE BASED ON AMENDMENT NUMBER 706.

Petitioner contends that the court should recalculate his sentence base on Amendment NUMBER 706 ("Amendment No. 706"), to the U.S.S.G.. This amendment has lowered the penalty of 21.84 grams of cocaine base "crack", pursuant to U.S.S.G. § 2D1.1(a)(3)(6) to a base offense level ("B.O.L.") of 26. Clearly at the time of petitioner's Plea; the appropriate starting sentencing range was at a B.O.L. of 28, for 21.84 grams of cocaine base commonly known as "crack". That (150 months) should be the starting point for the possibility of further reduction - B.O.L 26, criminal History category ("C.H.C") of IV would put Petitioner at a range of 110-137 months Term of imprisonment Based on Amendment No. 706 - in Petitioner's sentence. see, e.g., GALL v. United States, 128 S.Ct. 586, 596 (2007) ("...a district court should begin 'all' sentencing proceedings by correctly calculating the applicable Guideline Range... the

Guidelines should be the starting point and the initial benchmark. they are not only consideration, however... the Judge should then consider all of the 3553(A) factors to determine whether they support the sentence requested by a party.).

Under Amendment 706, United States Sentencing Commission("U.S.S.C.") unanimously agreed that the purpose of this Amendment is to address a fundamental Unfairness of the "crack" cocaine powder disparity. AS the Honorable Judge WALTON stated on page 44 at the hearing:

> "...the purpose is to provide relief from problems associated with the 100 to 1 Ratio, that in the commission's own words are so 'urgent and compelling' that interim relief is warranted."

Also, even in Kimbrough, the Supreme Court cited the commission's conclusion that the treatment of "crack" offenders was "**generally unwarranted**" and failed to meet the Sentencing Reform Act of 1986.

In Sum, the petitioner, respectfully requests that this Honorable Court sentence him to 60 months of incarceration, which is the **mandatory minimun**; based on the above reasoning. [illegible]

SHOULD THE COURT HAVE APPLIED U.S.S.C.'S, U.S.S.G. AMENDMENT NUMBER 599; PURSUANT TO APPLICATION NOTE 2: § 2K2.4?

Petitioner, pursuant to 18 USC § 3582(c)(2), in conJunction with the Sentencing Commission's New Amendment No. 706 and **Kimbrough**; Prays that this beneficent court and asks that it, enter an order directing a substancial amount of reduction in-**Mr. Arder's** ("Petitioner") - 248 months prison **sentence**.

Section 1B1.10, is the Policy Statement in the U.S.S.G. that addresses the issue, in which, includes a list of Amendments that the **court** [s]hould apply retroactively. Additionally, a fortiori, after **Booker** and **Crosby**, the Circuit Courts review legal interpertation of U.S.S.G. de novo. See, **Rubenstein**, 403 F.3d at 99. U.S.S.G. § 1B1.10, explicitly includes Amendment Number 599 ("Amendment NO. 599"), Authority to give effect and depart - as a non-guideline sentence - is given ad hoc USSG § 3582(c)(2) Considering the spirit of sentencing - 3553 - factors subsequent Policy Statement § 1B1.10; as said Amendment would infact and substancially lower the range on the term of imprisonment Petitioner is now sentenced to (248 months).

Here, in case at bar, at the time of sentencing the U.S.S.C. had put in place Application Note 2: § 2K2.4; which governs the permissibility and Instruct courts how to apply and not to apply weapon enhancements. Petitioner was typical candidate which the ~~[illegible]~~ weapon enhancements should not have been applied as per the adopted Application note 2: § 2K2.4. There after the U.S.S.C. **amended** said note with USSG. Amendment No. 599; which was no doubt and stated to be a "Clarifying Amendment".

There are a couple legal questions at bar, as presented, at infra. Petitioner avers, it was impermissible to enhance him to career criminal category and increase his base offense level by 3 Level, After, he would already received 120 months, for his 18 USC § 922(G)(1); And 60 consecutive months, for his 18 USC § 924(c)(1), guilty plea adjudication.

Should the court have applied the duplicative punishments (enhancements: 4B1.1 and 3 B.O.L. increase) based on the 18 USC §§ 922(G)(1) and 924(c)(1) guilty plea adjudication, in conjunction with the U.S.S.G. § 2D1.1(a)(3)(6) "crack" cocaine base count of the three count indictment; And, was it impermissible in the instances that:

(1)

by failing to impliment and give effect to U.S.S.G. Application Note 2: § 2K2.4 as the courts are required and directed to do, Respectfully. Application Note 2: § 2K2.4 instructs:

> "Weapon enhancements. If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do [n]ot apply any specific offense characteristics for possession..., or firearm when determining the sentence for underlying offense...."

Sentencing courts are required to follow the Application Notes of the U.S.S.C.'s U.S.S.G., as well as their clarifying Amendments. failure to impliment any Application

Notes or any clarifying Amendment violates terminus ad quem instructing Sentencing Judges to [give][effect] to those dictating Notes and Amendments. U.S.S.G. Amendment No. 599 is a clarifying Amendment, which states in pertinent part:

> "Reason for Amendment: The Amendment directs that no guideline Weapon enhancement should be applied when determining the sentencing for the crime of violence or Drug trafficking offense underlying the 18 USC § 924 (c)..., Nor for any conduct... the purpose of this Amendment are to (1) avoid unwarranted disparity and duplicative punishment; and (2) conform application of guideline weapon enhancements with general guideline principle...."

The Amendment No. 599, is a "clarifying Amendment" and "Must" be given effect at sentencing, and on appeal, even when the sentencing court uses an edition of the Guideline Manual that predated adoption of the Amendment. see, **Deloach** court cr. No. 3:98 CR323 (Aug. 2, 2006) The Court of Appeals review questions regarding application of sentencing Guides de novo. (See, U.S. v Vincent, 20 F.3d 299; Stinson v. U.S., 508 US 36, 38; U.S. v. Figueroa, 105 F.3d 874, 876, [5,6] id); And

(2) In the instance, where, a **plea adjudication** on

It's face, and beneath, in context of legality and fundamental guarantees; is upheld and remains home to the Sixth and fourteenth Amendments?

All information not admitted to by the defendant -Mr. Arder("Petitioner")- is not to be used as a punishing factor at sentencing. Accordingly, the supreme court holds, these "**Rights of Protection are so implicated whenever a court seeks to, or impose a sentence that is not solely based on facts reflected in... or admitted by the (Petitioner).**" (quoting Blakely court). These enhancements (§4B1.1 and the increase of 3 B.O.L.) may implicate these "rights" in the instant case; because Petitioner, as well as, any other defendant (Plaintiff), in light of a plea adjudication or Jury verdict adjudication, remains protected against being punished-duplicatively- for mere ipse dixit accusation made against him. Where there is no factual basis; no cognitive admittance; nor cognazance of; such accused conduct at time of plea adjudication. expressly, as guilty pleas are no different than, the fact establishing concept, home to the Jury verdict adjudications.

Respectfully, when a sentencing court merely just adopts the guideline recommendations in it's entirety, in such case as here, being lawfully deficient; legally and from that in itself gives cause to raise concerns regarding that part, if the imposition of "that" departure itself effected the sentence bearing no legal foundation. see, the holding in ipse dixit. (**General Elec. Co. v. Joiner, 118 S.Ct. 512, 519 (1997) [ipse dixit Extrapolation]**). More also, as an elementary principle of a pleading that where the definition of an offense or claim is home to generic term. It is not sufficient enough, that the accusation simply

uses same generic term as in the definition itself. it [M]ust specify species paticulars. this is so that Petitioner is given anexact and detailed description of all accusation made against him as will allow him, notice of nature and cause, and enable him to make his defense and be responsible for any factual behavior in said claims made against him - and avail his own self of his conviction, aquittal or plea for protection against false accusations, non-factual information, ambushing; and further unwarranted prosecutions, and punishment for the same cause.

Petitioner, assert humbly, he never admitted to being a career criminal and there is no foundation for it's **basis**; as he only had one prior felony conviction at the time of guilty plea adjudication, and sentencing regarding the **instant offense.** also, that he received 120 months of incarceration, an increase of 3 base offense levels, and the career criminal ~~enhancements~~ duplicative punishments-enhancements; based on the same 18 USC § 922(g)(1) conduct pursuant to §4B1.1, underlying the 18 USC 924(c) convictions in conjunction with the Drug count. To wit: impermissible double counting and duplicative punishments; while ~~agreement~~ prejudices are inherent as the plea agreement simply failed to specify species and factors warranting enhancements, that the cause is void of elements rendering departure to be dependant on factors that are impermissible, broad, and vague; as elements are creatures of legislature. see, **Liporota**, 471 US 419 (1985); and **PSR at rubrics #41.**

Simply put, the underlying offense in the instant offense is 18 USC § 924(c), and pursuant to Application Note 2: § 2K2.4 in conjunction with Amendment No. 599, The 18 USC § 922(g)(1) increase of 3 B.O.L. enhancement; As well as the 4B1.1 career criminal enhancement is impermissible in such instances.

In [crossed out] Sum, the petitioner, respectfully and humbly request that this Court with it's Judicial benevolence, sentence him to 60 months imprisonment - the mandatory minimum - based on the above reasoning. Since Section 3582(c)(2) in light of policy statement § 1B1.10 provides reduction retroactively of any sentence in such instances.

However, if this Honorable court choose not to sentence the petitioner to the mandatory minimum of 60 months imprisonment for 21.84 grams of "crack" cocaine base; the petitioner is asking in the alternative that he be sentence as follows:

| | |
|---|---|
| 1) Starting Base offense Level (Pursuant to U.S.S.C.'s Amendment No. 706): | 26 |
| 2) Enhancement (Pursuant to U.S.S.G. § 3A1.2): | + 3 |
| 3) Enhancement (Pursuant to 18 USC § 922(g)(1)): | + 3 |
| - total offense Level before Reductions: | 32 |
| 4) Reduction (pursuant to U.S.S.G. §§ 3E1.1(a) and 3E1.1(b)): | - 3 |
| 5) Reduction (pursuant to Application Note 2: § 2K2.4, and Amendment No. 599): | - 3 |

- Totaling a base offense level of: 26.

Petitioner should be sentenced at a base offense level of 26, a criminal history category of IV, absent the 4B1.1 duplicative punishment, between a U.S.S.G. Range of month of imprisonment.

Sentencing consideration

Petitioner prays for the substancial reduction based on the applicable law. Whenever a court is made aware of statutory requirements and sentencing Range(s) arguably warranted. The court can no doubt excercise it's own discretion to impose a reasonable sentence. See, United States v. Fleming, 397 F.3d 95, 100 (2d. cir. 2005). This has been a practice of the norm since Booker, and imposing the requested non-guideline sentence would fall into the spirit of 3553(A).

In light of § 3553(A)(2), "the need for the sentence imposed 'must be considered' in determining the particular sentence to be imposed[.]" moreso, however, the opening paragraph of § 3553(A) requires the court to impose "**a sentence sufficient, but, not greater than necessary**" to comply with the purposes of § 3553(A)(2). 18 USC § 3553(A) (emphasis added). This introductory known as the "parsimony provision", is invested to show some mercy to the defendant, allowing the sentencing court to escape the constrictions of draconian punishments. Some commentators maintain that "the parsimony concept is powerful evidence... that both Senate and the House [of congress] were **attempting** to pass a statue giving more

substancial power to sentencing Judges to impose a sentence outside the guideline range". (quoting a commentator at the hearings for sentencing). in light of Booker and Gall, the parsimony Provision has been inovated and must be fairly considered in petitioner's benefit.

## Rehabilitation factors

mr. Arder ("Petitioner"), has been incarcerated since he was 29 years OLD. Now, mr. Arder ("Petitioner") is 38 years OLD and has spent 9½ years of his youth to adult life in prison. He has provide proof that he has obtained his High School (G.E.D) Diploma, though the PSR asserts he had no Diploma. (see progress report at: c).

Petitioner feels tremendous remorse for his actions and the effects they (actions) have had on his loveones and the family members of those who may have been affiliated with those actions, as well as, his community and their surrounding area. He knows his decisions were destructive, and recognizes, the core intent of his behavior and it's inspiration to become involved in such situations which directly caused his legal problems.

He now, after that realization, has strove to Better himself, He's made leaps and bounds since his sentencing; instead of enhancing and nurturing the intent to proceed, further adding to recidivism statistics. Mr. Arder has applied himself and made many accomplishments, so that he would have both marketable skills and that which would allow him to think positively, productively, and conducively; That way he will not regress, nor have the desperation or willingness, to obtain illicit funds

from illegal activity. Petitioner can now return to Society-his inhabitance of Rhode Island-an asset; and earn a decent living bettering his quality of life. (see, Progress Report attached).

## Conclusion

Based on reasoning above and the grounds of U.S.S.G. Application Note 2; §2K2.4; and U.S.S.C.'s Sentencing Amendments NOS. 599 and 706, the court should modify-By reduction-Petitioner-Mr. Arder-as the court sees fit. So Requested,

This 7th day of April, 2008.

Respectfully submitted,

Travis Arder

Travis Arder: 04648-070
USP CANAAN
P.O. Box 300
WAYMART, PA. 18472

## CERTIFICATE OF SERVICE

I Travis Arder, hereby certify that on this 7th, day of April, 2008, I did serve a true and correct copy of the foregoing motion to modify my Sentence pursuant to § 3582(c)(2) to all interested parties as listed below, by prepaid first class (u.s. postal services) mail.

cc;
Clerk of the Court

Respectfully submitted,

Travis Arder

Travis Arder #04648-070
U.S.P. CANAAN
P.O. Box 300
WAYMART, PA. 18472