IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 99-04T |
| | : | |
| TRAVIS E. ARDER | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR REDUCTION IN TERM OF IMPRISONMENT AS A RESULT OF AMENDED GUIDELINE RANGE

## I. Introduction

The defendant, Travis E. Arder ("Arder"), has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). Arder's motion is grounded upon the 2007 amendments to the United States Sentencing Guidelines which generally reduced by two levels the offense levels found in U.S.S.G. § 2D1.1 for crack cocaine. The amendments were also made retroactive pursuant to U.S.S.G. § 1B1.10 effective March 3, 2008.

Following a long-term, 34 defendant investigation by the Federal Bureau of Investigation, designated "Operation Stateline," Arder was arrested in possession of 21.84 grams of crack cocaine and a Taurus, 9mm, semi-automatic pistol. Arder was charged with: Count I - Possession With Intent to Distribute Cocaine Base, Count II - Possession of a Firearm in Relation To Drug Trafficking, and Count III - Being a Felon in Possession of a Firearm.

On Count I, the Presentence Investigation Report (PSR) assigned a base offense level of 28 for 21.84 grams of crack. In the course of his arrest, Arder pushed a police officer down a flight of stairs resulting in an upwards adjustment of 3 levels. Count II required a 5 year

consecutive minimum mandatory sentence. Count III started as an offense level 24 based on Arder's criminal record which was adjusted upward by 3 levels for the assault on a police officer and another 2 levels because the gun Arder used was stolen. However, Arder was determined to be a career offender and so his adjusted combined offense level of 31 on Counts I and III was increased to 34. Arder received a downward adjustment of three levels for acceptance of responsibility, resulting in a Total Offense Level of 31. Arder was assigned a Criminal History Category VI as a career offender.

Arder's guideline range was 188-235 months imprisonment. Arder was sentenced to the minimum under the guideline range - 188 months imprisonment. However, he was also assessed the 60 month consecutive minimum sentence on Count II bringing his total imprisonment to 248 months. He also received five years supervised release and $300 in special assessments. In his motion, Arder merely requests that the Court, ". . . modify - by reduction - Petitioner - Mr. Arder - as the court sees fit."

The United States maintains Arder's sentence was based on his status as a career offender. The guideline amendment has no effect on his case. Consequently, his sentence should not be reduced.

## II. Argument

### A. Authority

Section 3582(c)(2) of Title 18 states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission.

Effective November 1, 2007, U.S.S.G. § 2D1.1 was amended. The amendments generally reflect a two-level decrease from the earlier guidelines for cases involving quantities of crack cocaine. The amendments were designated as Appendix C, Amendments 706 and 711. The amendments were made retroactive under U.S.S.G. § 1B1.10. They became effective March 3, 2008. Section 1B1.10 states, in part:

> (a) Authority. -
>
> (1) In General. - In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions - A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if -
>
> (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
>
> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) Limitation. - Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.
>
> (b) Determination of Reduction in Term of Imprisonment. -
>
> (1) In General. - In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in

effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitations and Prohibition on Extent of Reduction. -

(A) In General. - Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

Amendments designated as 706 and 711 of Appendix C are covered amendments under U.S.S.G. § 1B1.10.

Application Note 1(A) of U.S.S.G. § 1B1.10 states:

Eligibility. - Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (i) none of the amendments listed in subsection (c) is applicable to the defendant; or (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

B. Arder's Sentence Was Based On His Status As A Career Offender

This, however, does not end the matter. The reduction is not axiomatic. In this case, Arder's sentence did not rest on the provision regarding crack cocaine in Section 2D1.1, which has been amended. Arder was a career offender, and accordingly his base offense level was increased to 34 pursuant to Section 4B1.1. That enhancement is unaffected by Amendment 706, and Arder's offense level remains exactly what is was at the time of sentencing. Section 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (c) for the

corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Accordingly, Arder may not receive any relief under Section 1B1.10.

C. Arder's Re-Sentencing Arguments Are Both Inappropriate and Moot

In his Motion, Arder seemingly, but not clearly, attempts to re-litigate or raise other sentencing issues for the first time. Seeking a full resentencing hearing Arder questions the weapons guideline calculations and makes arguments that at a reduction hearing would be inappropriate. However, since Arder is not even entitled to a reduction his issues are moot.

III. Conclusion

Arder's sentence should not be reduced because he was sentenced based on his status as a career offender. Therefore, Arder's Motion should be denied and dismissed.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ GERARD B. SULLIVAN
Gerard B. Sullivan
Assistant U. S. Attorney
RI Bar No. 3134
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
gerard.sullivan@usdoj.gov

CERTIFICATION

I hereby certify that on the 24nd day of April 2008, I electronically filed and served by ordinary, pre-paid postage, mail the Within Government's Response To Defendant's Motion For Reduction In Term Of Imprisonment As A Result Of Amended Guideline Range, to:

Travis E. Arder
Reg. No. 04648-070
U.S.P. Canaan
P.O. Box 300
Waymart, PA 18472

/s/ GERARD B. SULLIVAN
Gerard B. Sullivan
Assistant U. S. Attorney
RI Bar No. 3134
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
gerard.sullivan@usdoj.gov