UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
         v.                         )   CR. No. 99-004 S
                                    )
TRAVIS ARDER,                       )
                                    )
         Defendant.                 )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Travis Arder has filed a second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 31).[1]  For the reasons set forth below, the motion is DISMISSED.

On April 5, 1999, Arder pled guilty to three counts: (1) possession of cocaine with intent to distribute; (2) use of a firearm in relation to drug trafficking; and (3) being a felon in possession of a firearm.  He received a sentence of 188 months of incarceration on the drug trafficking count and a concurrent term of 120 months incarceration on the count of being a felon in possession of a firearm.  In addition, Arder received a consecutive sentence of 60 months incarceration on

---

[1] United States District Judge Ernest C. Torres presided over Arder's original case and his first application under 28 U.S.C. § 2255.  Judge Torres has since retired.  The case was assigned to this District Judge on June 10, 2009.

the use of a firearm in relation to drug trafficking count. Arder's total sentence was 248 months incarceration.

A year after he was sentenced, Arder filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (See Arder v. United States, No. 1:00-cv-492-T, ECF No. 1). Judge Ernest C. Torres rejected this application. (See Arder v. United States, No. 1:00-cv-492-T, ECF No. 19).

As a result of this first motion under 28 U.S.C. § 2255, this Court lacks jurisdiction to address Arder's motion. In pertinent part, 28 U.S.C. § 2255 provides that:

> A second or successive motion must be certified as provided in section 2244[2] by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); see also United States v. Rivera-Lebron, 410 F. App'x 352, 354 (1st Cir. 2011) (describing the pre-clearance step as the "gate-keeping requirement[] of section

---

[2] In relevant part, 28 U.S.C. § 2244 provides that: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

2255"). Where a petitioner does not first obtain the permission of the court of appeals, the district court lacks jurisdiction to hear the second or successive motion. <u>See, e.g.</u> <u>United States v. Cao</u>, CR. No. 05-134-4-ML, 2013 WL 1130958, at *2 (D.R.I. Mar. 18, 2013).

For the foregoing reasons, Arder's motion to vacate, set aside, or correct sentence is DISMISSED, without prejudice to re-filing if the First Circuit Court of Appeals gives Arder permission to do so.


IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
Chief Judge
Date:   December 13, 2013